UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOSS CORPORATION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PEAG, LLC d/b/a JLab Audio,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-CV-1177-CAB-JLB<br><br>**ORDER VACATING HEARING AND GRANTING MOTION TO STAY**<br><br>[Doc. No. 30] |

Defendant moves to stay this case pending resolution of *inter partes* review ("IPR") proceedings that have been instituted by third parties before the United States Patent and Trademark Office ("PTO"). Upon consideration of the complete briefing on Defendant's motion, the Court finds the motion to be suitable for submission without oral argument. The hearing set for October 7, 2021, is therefore **VACATED**.

In its motion, Defendant argues that a stay is warranted because: (1) this case is in its early stages; (2) a stay is likely to simplify the issues before the Court; and (3) a stay will not unduly prejudice Plaintiff. *See generally TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12CV2777-GPC BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014) ("District courts in the Ninth Circuit consider three factors in determining whether to order a stay pending reexamination of a patent. . . : (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and

1

trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.") (internal quotation marks and citation omitted).

Plaintiff's primary argument in opposition is that a stay will not simplify the issues before the Court because Defendant will not be bound by any decisions in the pending IPR proceedings. Defendant, however, stipulates that if the Court stays the case, and the PTO issues a Final Written Decision on any claim asserted by Plaintiff in this case, Defendant will not assert in this litigation or any other action that the claim is invalid on any ground that was raised or reasonably could have been raised during the IPR. [Doc. No. 39 at 6.] In light of this representation, the Court agrees that a stay will potentially result in the simplification of the issues in this case.

Moreover, the Court is not persuaded by Plaintiff's claims of undue prejudice as a result of a stay, and there is no question that this case is in its early stages. Accordingly, it is hereby **ORDERED** that Defendant's motion to stay is **GRANTED** and this case is **STAYED** pending resolution of the IPR proceedings that have been instituted on the patents at issue in this case. Defendant is estopped from raising invalidity arguments that were made or could have been made in any IPR proceedings where a Final Written Decision is issued. The parties are **ORDERED** to provide a status update on the PTO decision to institute review of the final patent (U.S. Patent No. 10,206,025) promptly upon issuance by the PTO. Plaintiff may seek to lift the stay as to that patent if it is not instituted for review. The parties are further **ORDERED** to provide notice to the Court within five days of any Final Written Decision on the IPR of any of the claims asserted by Plaintiff in this case.

It is **SO ORDERED**.

Dated: October 5, 2021

Hon. Cathy Ann Bencivengo
United States District Judge